IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN MONTOYA CARLOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-379-PRW |
| | ) |
| THE GEO GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case comes before the Court on Magistrate Judge Shon T. Erwin's Report & Recommendation (Dkt. 7), recommending dismissal of this action, and Plaintiff Adrian Montoya Carlos's Objections to Report & Recommendation (Dkt. 12). From April 2017 to April 2021, Plaintiff, a "deportable alien," was held at the Great Plains Correctional Facility—a facility owned and operated by Defendant GEO Group—located in Hinton, Oklahoma. While at the Great Plains facility, Plaintiff worked for roughly 60 hours a week. Defendant, however, failed to pay Plaintiff Oklahoma's minimum wage, which Plaintiff says violated the federal Fair Labor Standards Act (FLSA) and the Oklahoma Minimum Wage Act.

Conducting the initial screening process pursuant to 28 U.S.C § 1915A, Magistrate Judge Erwin recommended that Plaintiff's claims should not go forward, at least in this Court. First, Magistrate Judge Erwin concluded that because prisoners working inside correctional facilities are not employees under the FLSA, Plaintiff's work at the Great Plains facility did not fall within the scope of the FLSA's protections. Accordingly,

1

Magistrate Judge Erwin recommended that Plaintiff's FLSA claim be dismissed without prejudice. Second, having recommend dismissal of the only federal question claim in this case, Magistrate Judge Erwin recommended that this Court decline supplemental jurisdiction over Plaintiff's state law Oklahoma Minimum Wage Act claim.

Plaintiff timely filed objections to the Report & Recommendation, raising two main arguments. At the outset, Plaintiff argues that even if prisoners held in state run prisons fail to fall within the FLSA, persons held in private prisons—like the Great Plains facility at issue here—do fall within the FLSA. But even if that is not the case, Plaintiff argues in the alternative that his status as a "detainee," not a prisoner, places him within the scope of the FLSA.[1]

Upon *de novo* review, the Court agrees with Magistrate Judge Erwin's Report & Recommendation and the conclusions therein.

*First*, Plaintiff has failed to state a claim upon which relief can be granted under the FLSA. To fall within the FLSA while confined at the Great Plains facility, Plaintiff must have been an "employee" as that term is defined by the FLSA.[2] He was not. Neither of Plaintiff's arguments to the contrary are convincing. First, the FLSA does not apply to work performed by those housed in correctional facilities, regardless of whether the facility

---

[1] Plaintiff's objections do not take issue with Magistrate Judge Erwin's recommendation that this Court should decline supplemental jurisdiction over Plaintiff's state law claim if it dismisses the FLSA claim.

[2] *See Franks v. Oklahoma State Indus.*, 7 F.3d 971, 972 (10th Cir. 1993).

is a state-run or private prison.[3] Second, Plaintiff's status as a detainee does not place him within the FLSA because detainees, like prisoners, are not employees under the FLSA.[4] Because Plaintiff was not an "employee" under the FLSA while working at the Great Plains facility, his FLSA claim necessarily fails.

*Second*, the Court agrees with Magistrate Judge Erwin that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.[5] Jurisdiction over Plaintiff's remaining state law claim is governed by 28 U.S.C. § 1367. While that statute permits the exercise of jurisdiction over Plaintiff's remaining claim, section 1367 does not require it. Rather, supplemental jurisdiction under section 1367 "is a doctrine of discretion, not . . . right."[6] The statute provides that the Court "may decline to exercise supplemental jurisdiction over a [state law] claim" if, among other things, the claim over which the Court has original jurisdiction—here, the federal question claim—is no longer present in the suit.[7] So,"[a] district court may choose to retain jurisdiction over, or dismiss, pendent state law

---

[3] *See Bowring v. Bonner*, 561 F. App'x 778, 779 (10th Cir. 2014); *see also Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005).

[4] *See Ndambi v. CoreCivic, Inc.*, 990 F.3d 369, 372 (4th Cir. 2021) (holding that civil immigration detainees are not employees under the FLSA); *Gamble v. Minnesota State-Operated Servs.*, 32 F.4th 666, 670 (8th Cir. 2022) (holding that sexually dangerous civil detainees are not employees under the FLSA).

[5] Again, Plaintiff's objections do not take issue with Magistrate Judge Erwin's recommendation that this Court should decline supplemental jurisdiction over Plaintiff's state law claim if it dismisses the FLSA claim.

[6] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[7] § 1367(c)(3).

claims after federal claims are dismissed."[8] While a discretionary decision, the Supreme Court has instructed that "in the usual case [where]," like here "all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[9] This is because federal courts are to avoid "[n]eedless decisions of state law."[10] Here, Plaintiff has not pointed to any special considerations that would justify disturbing the baseline rule that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[11]

Accordingly, the Court hereby **ADOPTS** the Report & Recommendation (Dkt. 7) in full, **DISMISSES** Plaintiff's FLSA claim, and **DECLINES** supplemental jurisdiction over Plaintiff's remaining state law claim.

**IT IS SO ORDERED** this 1st day of February 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005).

[9] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). *See Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) ("Once a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (explaining that the Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction" (cleaned up)).

[10] *Gibbs*, 383 U.S. at 726.

[11] *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).